NUMBERS 13-00-413-CR AND 13-00-414-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


MICHAEL JOSEPH BABBICK, Appellant,


v.

THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 15th District Court

of Grayson County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Rodriguez and Kennedy (1)

Opinion by Justice Kennedy

Appellant was indicted for aggravated sexual assault of a child. In a separate indictment, he was charged with the felony
offense of indecency with a child. He pleaded guilty to both offenses before the court, following which a jury was
impaneled and a hearing was conducted on punishment for each offense. He admitted his guilt to the jury and, following
the State's evidence, offered evidence which he hoped would influence the jury in its assessment of punishment. The jury
assessed punishment at confinement for 99 years and a fine of $10,000.00 for the aggravated sexual assault and
confinement for twenty years and a fine of $10,000.00 for the indecency offense. 

Appellant's sole point of error alleges ineffective assistance of counsel. In his argument he cites specific incidents in which
he alleges that trial counsel's inadequate performance, cumulatively, denied appellant effective representation. They are: 

(1) Trial counsel pleaded his client guilty and then offered a defensive theory during punishment;

(2) Trial counsel inappropriately told the jury doing voir dire that it was his job to present evidence;

(3) Trial counsel failed to review the presentence investigation report thoroughly. If he had done so, trial counsel would
not have called appellant's counselor who testified that appellant was a high risk to re-offend as a child molester;

(4) Trial counsel filed a motion to have child victim's testimony [presented] on closed circuit television. Trial counsel did
this without ever having met or interviewed the victim who, as it turned out, was nearly six feet tall and very mature for her
age; and 

(5) Counsel did not call appellant as a witness. 

We judge ineffective assistance of counsel by the two-part standard first set out in Strickland v. Washington, 466 U.S. 668
(1984) and confirmed by this State in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). The standard requires
appellant to show (1) that counsel's performance was deficient, and (2) that but for counsel's unprofessional errors the result
of the proceeding would have been different. A review of counsel's performance will be highly differential. Garcia v.
State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). In addition, a reviewing court will employ a strong presumption that
counsel's conduct constituted sound trial strategy. Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). 

Appellant's first allegation of ineffective assistance argues that counsel should not have pleaded appellant "guilty" and then
offered a defensive theory during punishment. Appellant does not expand on this argument, however his reference to the
volume and page in the record indicates that the evidence offered was the size of appellant's erect penis in comparison with
the estimated size of the victim's vagina. (2) This was apparently done in defense of the testimony of the nurse examiner that
something had ruptured the hymen of the victim. Appellant was not charged in either indictment with penetration by his
penis and trial counsel obviously did not want his client to be held accountable for an extraneous offense. Trial counsel
apparently had not anticipated the nurses' testimony in this regard and was doing what he could to disarm it. This was a
judgment call and we find it not to be an error on his part. 

Appellant's second charge of ineffective assistance involved his counsel telling the jury panel that it was his duty to present
evidence. It is elementary that a defendant has no such duty. However, the record reference of appellant is this:

[Panel Member]: If you were in a car and someone rear ended you, your gut reaction would be to get up and get them a
good reaming. But then you find out that someone had hit them and threw them in front of you. You didn't have all of the evidence.

[Defense Counsel]: This is right. That is what my job is. It is to present the evidence. But what I am trying to find out is
those people that are kind of with one foot on the fence but they are standing on the other side.

When taken in context with the venire person's answer, the statement of counsel was not out of line. During voir dire, both
the judge and the prosecuting attorney advised the venire of the proper burden of proof. In closing argument trial counsel
reminded the jury of the State's burden of proof. There was no mistake on trial counsel's part and, even if there were, we
have not been shown how it harmed appellant.

One of the witnesses called by appellant's trial counsel was appellant's counselor. On cross-examination she stated that
appellant would be a high risk to re-offend. It is also alleged that she opened the door to the mention of the extraneous
offense to which we previously referred. Appellant's brief charges that this resulted from trial counsel's failure to read the
pre-sentence investigation report or to interview the witness before trial.

First, we note that most of this counselor's testimony was not harmful to appellant. Much of it referred to appellant's efforts
to help himself. The counselor testified that appellant "came to our office requesting treatment." She also said that
appellant had been taking his medication and staying on an even keel. She also said:

Q. Who is more likely to repeat offend a sexual case? Someone on probation who is going through counseling, or
someone that goes through prison and gets out without counseling?

A. Well the untreated offender is much more likely to re-offend.

She also said:

Mr. Babbick requested the program himself after he had been arrested. He has come to group as directed. He has missed
approximately four times since he has been coming. He has made progress, I feel like, through his work. He has turned in
assignments in a timely fashion.


Neither the pre-sentence investigation report nor the witness's report is contained in the record before us. Thus we are
unable to know whether the reading of either or both of these documents would have alerted trial counsel to avoid calling
the witness. Appellant has failed to meet his burden in regard to this third allegation of unprofessional conduct.

Appellant's fourth allegation of unprofessional error involves counsel requesting that the victim's testimony be by closed
circuit camera. Common sense tells all of us that when a young victim of a sex crime is made to testify in the atmosphere
of an open court and in the presence of her assailant, an emotional scene may occur. This is a judgment call which a
defense attorney must make in a case such as this. We will not second guess trial counsel's decision here. We also make
the same judgment with regard to appellant's fifth point (that trial counsel's decision to not call appellant as a witness was a
mistake).

Appellant has not met his burden of proving the first prong of the Strickland test. We overrule his single point of error and
AFFIRM the judgments of the trial court.

NOAH KENNEDY

Retired Justice



Do not publish

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 23rd day of August, 2001.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Testimony of the nurse examiner.